SHEFFET & DVORIN, P.C.
88 Pompton Avenue
Verona, New Jersey 07044
(908) 755-8919
Our File No.: 3090-001
Attorneys for Plaintiff(s):

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
NEWARK VICINAGE

| | |
|---|---|
| TIFFANY PHAM,<br><br>Plaintiff,<br><br>vs.<br><br>BEATRIZ GUERRA; MIDDLESEX COLLEGE; MIDDLESEX COUNTY; MIDDLESEX COUNTY BOARD OF FREEHOLDERS; ABC Corporations (1-10); DEF Partnerships (1-10); GHI Limited Liability Companies (1-10); John/Jane Does (1-10); JOHN DOE INDIVIDUALS (1-100)<br><br>Defendants. | Civil Action No.:<br><br>**CIVIL ACTION**<br><br>**COMPLAINT AND JURY DEMAND** |

The Plaintiff, Tiffany Phan, by and through her attorney, Ethan Jesse Sheffet, Esq., shareholder of the law firm of Sheffet & Dvorin, P.C., alleges the following upon information and belief:

**INTRODUCTION**

1. Plaintiff brings this action against Defendants for compensatory and other damages, including declarative and injunctive relief to redress the deprivation of Plaintiff's civil liberties and rights secured by the Americans with Disabilities Act, 42 US Code Section 12101 (hereinafter "ADA"), Section 501 of the Rehabilitation Act of 1973, 29 US Code Section 791 (hereinafter

"Section 501") and the Civil Rights Act, 42 U.S.C. Sections 1981, 1983 and 1988., as well as other federal and state laws, and pursuant to the stated causes of action.

## PARTIES

2. Plaintiff Tiffany Pham is a citizen of the State of New Jersey who resides in the City of South Plainfield, County of Middlesex State of New Jersey.

3. The Defendant Middlesex College is a public community college with campus in Edison at 2600 Woodbridge Avenue, New Brunswick at 140 New Street and Perth Amboy at 60 Washington Street.

4. The Defendant Middlesex County is a body politic in the State of New Jersey that is controlled by the Defendant Middlesex County Board of Freeholders which controls Middlesex Community College.

5. Defendant Beatriz Guerra is a Professor/Teacher who taught Spanish at Middlesex College in July and August of 2023.

6. At all times sent forth within the Complaint, Plaintiff Tiffany Pham was a student enrolled at Middlesex College who was in a Spanish class that Defendant Beatriz Guerra taught remotely.

7. The fictitiously named Defendants are entities and/or individuals who are named fictitiously due to the Plaintiff's lack of knowledge and belief as to the true identities of said Defendants. At such time as the Plaintiff learns the true identities of said Defendant(s) this Complaint will be amended to reflect same.

## JURISDICTION

8. The jurisdiction of this Court is invoked by Plaintiff pursuant to 28 USC Section 1331 since the Plaintiff's causes of action against the Defendant include the violation of federal law including the "ADA". Plaintiff also invokes this Court's pendent jurisdiction with respect to

Plaintiff's claims based on New Jersey state statutory and common law causes of action. With respect to all matters arising under New Jersey law plaintiff invokes the Court's supplemental jurisdiction under 28 U.S.C. Section 1367.

## VENUE

9. Venue is proper in this District Court pursuant to 28 U.S.C. Section 1391 (b).

## ALLEGED FACTS

10. On or about July 5, 2023, Plaintiff Tiffany Pham was a student enrolled at Defendant Middlesex College and began taking a Spanish class that Defendant Beatriz Guerra taught.

11. At the time and place aforesaid, Plaintiff Tiffany Pham suffered from severe physical and mental disabilities, including a learning disability due to a brain injury caused by a accident in 2017 when Plaintiff was struck by a car while a pedestrian resulting in Plaintiff being in a coma due to a traumatic brain injury, and suffering from broken coccyx, pelvis, ribs, collar bone, and requiring her to be hospitalized for a lengthy period, and then wheelchair bound with ongoing partial paralysis.

12. At the time and place aforesaid, Plaintiff due to her disabilities had an Individualized Education Program (IEP) that was approved by Middlesex College's Office of Disabilities and had been granted all the accommodations set forth within the IEP. These accommodations included extra time on tests.

13. Prior to class beginning, Plaintiff notified Defendant Beatriz Guerra and her other Professor/Teachers of the accommodations prior to the beginning of the semester. As such Defendant Beatriz Guerra was aware of the Plaintiff's disabilities, IEP and accommodations that Middlesex College approved and granted.

14. On or about July 19, 2023, the Plaintiff was given a test and did not receive the extra time her accommodation and IEP required. The test was an hour and twenty minutes, and

Plaintiff did not receive forty (40) minutes of additional test time. The test was administered on a computer which locked at the end of the regularly allotted time of eighty (80) minutes. Plaintiff did not have enough time to answer the last three questions and did not have time to review her work. Plaintiff received a grade of 68 on the test.

15. Plaintiff contacted Defendant Beatriz Guerra regarding her failure to be granted and receive her accommodation regarding test time. Defendant Beatriz Guerra instructed Plaintiff to come to class fifteen (15) minutes early on July 25, 2023, and that Plaintiff would receive an additional fifteen (15) minutes time to finish the three questions Plaintiff did not finish. Plaintiff again did not have sufficient time to finish, got the three questions wrong and received a grade of C.

16. Defendant Guerra acknowledged that she knew the Plaintiff had an accommodation of extra test time of time and a half, but instructed Plaintiff that if the Plaintiff decided to use that accommodation, that Plaintiff had to ask a few days prior to the test, so Defendant Beatriz Guerra could plan accordingly.

17. Defendant Guerra also advised Plaintiff to use the homework to improve her grade since Plaintiff could work at her own pace at home.

18. Plaintiff provided Defendant Beatriz Guerra with her IEP approved accommodations prior to the initiation of the semester as was Plaintiff's normal course of conduct and as Plaintiff had done with all other Professors/Teachers over the two years she had been attending Middlesex College. All other Professors/Teachers at Middlesex College granted the approved IEP accommodations and did not require the Plaintiff to make special arrangements with respect to each specific test. The Plaintiff was not aware of any requirement to contact Defendant Beatriz Guerra on a test-by-test basis to make arrangements to obtain her IEP approved accommodations.

19. On or about, July 19, 2023, Plaintiff reported to the Learning Specialist that the Middlesex College Office of Disabilities assigned, Elaine Daidone that Plaintiff did not receive the test time accommodation set forth within her IEP. Ms. Daidone responded that Plaintiff was "definitely" entitled to extra testing time, and that Plaintiff should "clarify your need with the Professor, as she notes below."

20. Thereafter, Defendant Beatriz Guerra began retaliating and taking adverse action against Plaintiff.

21. Plaintiff submitted homework assignments that Defendant Beatriz Guerra claimed she never received and graded as Plaintiff receiving no credit.

22. Defendant Beatriz Guerra also continued not complying with Plaintiff's IEP plan.

23. On July 27, 2023, during the Zoom class Defendant Beatriz Guerra began yelling at Plaintiff in front of all her classmates, humiliating Plaintiff. Plaintiff requested to speak to Defendant Beatriz Guerra privately to get clarification on an instruction and said, "I hope I did not bother you", and Defendant Beatriz Guerra began yelling at her, told Plaintiff to go into a break out room, but did not provide Plaintiff with that option which Defendant Beatriz Guerra controlled, causing Plaintiff to be come upset, cry and leave the class.

24. Plaintiff contacted Plaintiff's Learning Specialist Elaine Daidone immediately and requested a Zoom videoconference.

25. Elaine Daidone responded by directing Plaintiff to a different Learning Specialist, Jason Holmwood since she advised she was on jury duty.

26. On July 31, 2023, when Plaintiff did not hear from Mr. Holmwood, Plaintiff contacted Richard Roy, Chairperson of the Foreign Language Department and requested Plaintiff be permitted to change teachers. Mr. Roy responded it was too late in the semester.

27. On August 3, 2023, Plaintiff received an e-mail from Defendant Beatriz Guerra advising that Plaintiff would receive an extra thirty-five (35) minutes at the next test that was to take place on August 10, 2023.

28. On August 10, 2023, the Plaintiff began the second test thirty-five (35) minutes early. The test locked and ended thirty-five (35) minutes early. Thus, Plaintiff did not receive any extra time.

29. Plaintiff immediately contacted Defendant Beatriz Guerra regarding the fact that she had not received any extra time, and Defendant Beatriz Guerra advised that it was Plaintiff's fault and due to Plaintiff's computer.

30. On August 10, 2023, Defendant Beatriz Guerra contacted the Plaintiff and advised that Plaintiff had left eight (8) questions without answers and that Plaintiff could come to class on August 15, 2023, to "take these questions from 5:30 pm to 6:00 pm". Client complied and received a grade of "C".

31. On August 10, 2023, Plaintiff e-mailed, Jennifer Kaminski, the secretary for Alexis Delgado, Assistant Dean of the College advising that she was being discriminated against due to her disability and advised of what had transpired with respect to Defendant Beatriz Guerra's class.

32. On August 11, 2023, Assistant Dean Alexis Delgaldo e-mailed Plaintiff and advised that Mr. Roy would contact her regarding Plaintiff's discrimination claim.

33. Dr. Roy never contacted the Plaintiff.

34. Plaintiff had a Zoom meeting with Elaine Daidone on August 15, 2023. Ms. Daidone advised that Plaintiff could file a complaint, but that she "recommended she not do so, since it was a misunderstanding."

35. The Spanish class Defendant Beatriz Guerra taught ended on August 17, 2023.

36. Plaintiff was awarded a "C" grade for the course.

37. Plaintiff took one other Spanish class previously and was awarded a "B" grade.

38. Plaintiff graduated from Middlesex College on December 15, 2023, with a GPA of 3.675 with an Associate's Degree in Liberal Arts with a concentration in English.

## FIRST CLAIM FOR RELIEF

### (Americans with Disabilities Act, 42 US Code Section 12101 (ADA))

1. All of the allegations in each of the foregoing paragraphs are incorporated by reference as if fully set forth herein.

2. Plaintiff requested and was granted an IEP that provided accommodations since Plaintiff suffered from severe physical and mental disabilities including a learning disability and suffered from a qualified disability under the ADA.

3. Defendant Beatriz Guerra and Defendants Middlesex College and Middlesex County through its/their agents, servants and/or employees undertook discriminatory, and retaliatory adverse action against Plaintiff by not permitting Plaintiff to utilize her IEP accommodations including when taking tests.

4. Defendants' adverse employment action against Plaintiff was in violation of Plaintiff's rights and in violation of the ADA.

5. Defendants' adverse actions against Plaintiff interfered with Plaintiff's ability to exercise Plaintiff's rights granted under the ADA with respect to her education.

6. Defendants' adverse actions against Plaintiff constitute violations of the ADA.

7. As a result, Defendants violated the ADA and the Plaintiff's statutory rights and Plaintiff's protections under the ADA, and the Plaintiff's rights and protections under the ADA were wrongfully eviscerated.

8. As a direct and proximate cause of said acts of Defendants including adverse educational action against Plaintiff, Plaintiff suffered damages including the loss of ability to obtain

an equal education, mental injury, severe emotional distress, the loss of earning power, the loss of opportunities for prospective education and employment, humiliation, embarrassment, and damage to her reputation and is incurring legal expenses and other expenses.

9. The foregoing actions of Defendants were knowing, willful and deliberate violations of law and deprivations of Plaintiff's statutory rights under ADA.

WHEREFORE, Plaintiff demands judgment in Plaintiff's favor and against Defendants on this Count, together with compensatory and equitable relief, all remedies available under the law, including lost wages, salary, and benefits, such as back pay and front pay, interest, liquidated damages and attorneys' fees and case costs.

## SECOND CLAIM FOR RELIEF

**(Retaliation in violation of Americans with Disabilities Act, 42 US Code Section 12101 (ADA))**

1. All of the allegations in each of the foregoing paragraphs are incorporated by reference as if fully set forth herein.

2. Plaintiff requested accommodations for serious physical and medical conditions including a learning disability that Defendant Middlesex College approved that were qualified disabilities under the ADA, and Defendants including Beatriz Guzman failed to grant Plaintiff those approved accommodations.

3. When Plaintiff reported Defendant Beatriz Guerra's illegal conduct to Defendants, Defendant Beatriz Guerra undertook adverse and retaliatory action against Plaintiff, by publicly reprimanding and embarrassing Plaintiff, not giving Plaintiff credit for assignments, continuing to not grant Plaintiff her accommodations and awarding Plaintiff poor grades.

4. Defendant Beatriz Geurra's adverse action against Plaintiff was in retaliation for Plaintiff attempting to exercise Plaintiff's rights under the ADA and other law.

5.	Defendants' adverse action against Plaintiff interfered and prevented Plaintiff from exercising Plaintiff's rights granted under the ADA.

7.	Defendants' adverse actions against Plaintiff constitute violations of the ADA.

8.	Defendants Middlesex College and Middlesex County through its agents, servants and/or employees were aware of Defendant Beatriz Guerra's adverse and retaliatory conduct and failed to intervene any implement any remedial measures.

9.	As a result, Defendants violated ADA and Plaintiff's statutory rights and Plaintiff's protections under the ADA, and Plaintiff's rights and protections under the ADA were wrongfully eviscerated.

10.	As a direct and proximate cause of said acts of Defendants including adverse and retaliation action against Plaintiff, Plaintiff suffered damages including the loss of ability to obtain an equal education, mental injury, severe emotional distress, the loss of earning power, the loss of opportunities for prospective education and employment, humiliation, embarrassment, and damage to her reputation and is incurring legal expenses and other expenses.

11.	The foregoing actions of Defendants were knowing, willful and deliberate violations of law and deprivations of Plaintiff's statutory rights under ADA.

WHEREFORE, Plaintiff demands judgment in her favor and against Defendants on this Count, together with compensatory and equitable relief, all remedies available under the law, including lost wages, salary, and benefits, such as back pay and front pay, interest, liquidated damages and attorneys' fees and case costs.

### THIRD CLAIM FOR RELIEF

### ("NJLAD – RETALIATION/IMPROPER REPRISAL")

1. Plaintiff repeats each and every allegation set forth above as if set forth fully and incorporated herein at length.

2. Plaintiff invoked Plaintiff's rights under the ADA and requested accommodations that that Defendant Middlesex College approved for serious physical and medical conditions including a learning disability that qualified as a disability under the ADA.

3. Plaintiff engaged in a protected activity that was known to the Defendants – exercising Plaintiff's ADA rights.

4. Plaintiff was subject to adverse action since Defendants individually, and through its agents, servants and/or employees failed to grant Plaintiff's approved accommodations and took retaliatory adverse action against Plaintiff when Plaintiff reported the illegal conduct, and engaged in disability based discrimination against Plaintiff.

5. Plaintiff was subject to the Defendants' adverse action as a direct result of Plaintiff exercising her ADA rights.

6. Defendant Middlesex College and Middlesex County is/are vicariously, strictly and/or directly liable to Plaintiff for unlawful and retaliatory discriminatory conduct of Defendant Beatriz Guerra in violation of the NJLAD pursuant to *N.J.S.A.* 10:5-1 including but not limited to 10:5-12(d).

7. Defendants' unlawful discriminatory conduct aforesaid was a violation of NJLAD.

8. As a direct and proximate result of the aforementioned acts and omissions of Defendants set forth herein, Plaintiff sustained loss of ability to obtain an equal education and educational opportunity, mental injury, severe emotional distress, the loss of earning power, the

loss of opportunities for prospective education and employment, humiliation, embarrassment, and damage to her reputation and is incurring legal expenses and other expenses.

9. The foregoing actions of Defendants were knowing, willful and deliberate violations of New Jersey law and deprivations of Plaintiff's statutory rights, and Plaintiff is entitled to damages from Defendant under the NJLAD including compensatory and equitable relief, punitive damages, pre-and post-judgment interest, and attorneys' fees and case costs.

**WHEREFORE,** Plaintiff demands judgment in her favor and against Defendants on this Count, together with compensatory and equitable relief, all remedies available under the law, punitive damages, pre-and post-judgment interest against Defendants for harm suffered in violation of the NJLAD as follows:

A. Reinstatement of employment and all benefits;

B. Back pay and benefits;

C. Front pay and benefits;

D. Compensatory damages;

E. Consequential damages;

F. Reinstatement;

G. Punitive damages;

H. Prejudgment interest and enhancements to off-set negative tax consequences;

I. Any and all attorneys' fees, expenses and/or costs, including, but not limited to, court costs, expert fees and all attorneys' fees incurred by Plaintiff in the prosecution of this suit (including enhancements thereof required to off-set negative tax consequences and/or enhancements otherwise permitted under law);

J. Such other relief as may be available pursuant to the LAD and which the Court deems

just and equitable; and

K. Ordering Defendants to take appropriate corrective action to stop and prevent retaliation at the workplace.

## FOURTH CLAIM FOR RELIEF

### ("NJLAD – DISABILITY DISCRIMINATION")

1. Plaintiff repeats each and every allegation set forth above as if set forth fully and incorporated herein at length.

2. Plaintiff invoked Plaintiff's rights under the ADA and requested accommodations that Defendant Middlesex College approved for serious physical and medical conditions including a learning disability that qualified as a disability under the ADA.

3. Plaintiff's serious medical condition was a physical disability for which plaintiff requested reasonable accommodations that Defendant Middlesex College approved.

4. Plaintiff's serious medical condition and physical disability was known to the Defendants.

5. Defendants engaged in adverse action against Plaintiff since Defendants individually, and through its agents, servants and/or employees failed to grant Plaintiff's accommodations, interfered with Plaintiff's accommodations, and undertook adverse and retaliatory action against Plaintiff, by publicly reprimanding and embarrassing Plaintiff, not giving Plaintiff credit for assignments, continuing to not grant Plaintiff her accommodations and awarding Plaintiff poor grades.

6. Defendants' adverse action against Plaintiff was due to Plaintiff's physical, mental and learning disability.

7. Defendants' adverse action against Plaintiff was unlawful discriminatory conduct since said adverse action was a direct result of and due to Plaintiff suffering from a physical disability.

8. Defendants' unlawful discriminatory conduct aforesaid was a violation of NJLAD.

9. Defendants Middlesex College and Middlesex County is/are vicariously, strictly and/or directly liable to Plaintiff for unlawful discriminatory conduct in violation of the NJLAD pursuant to *N.J.S.A.* 10:5-1 including but not limited to 10:5-12(d).

10. As a direct and proximate result of the aforementioned acts and omissions of Defendants set forth herein, Plaintiff sustained loss of ability to obtain an equal education and educational opportunity, mental injury, severe emotional distress, the loss of earning power, the loss of opportunities for prospective education and employment, humiliation, embarrassment, and damage to her reputation and is incurring legal expenses and other expenses.

11. The foregoing actions of Defendants were knowing, willful and deliberate violations of New Jersey law and deprivations of Plaintiff's statutory rights, and Plaintiff is entitled to damages from Defendant under the NJLAD including compensatory and equitable relief, punitive damages, pre-and post-judgment interest, and attorneys' fees and case costs.

**WHEREFORE,** Plaintiff demands judgment in her favor and against Defendants on this Count, together with compensatory and equitable relief, all remedies available under the law, punitive damages, pre-and post-judgment interest against Defendants for harm suffered in violation of the NJLAD as follows:

L. Reinstatement of employment and all benefits;

M. Back pay and benefits;

N. Front pay and benefits;

O. Compensatory damages;

P. Consequential damages;

Q. Reinstatement;

R. Punitive damages;

S. Prejudgment interest and enhancements to off-set negative tax consequences;

T. Any and all attorneys' fees, expenses and/or costs, including, but not limited to, court costs, expert fees and all attorneys' fees incurred by Plaintiff in the prosecution of this suit (including enhancements thereof required to off-set negative tax consequences and/or enhancements otherwise permitted under law);

U. Such other relief as may be available pursuant to the LAD and which the Court deems just and equitable; and

V. Ordering Defendants to take appropriate corrective action to stop and prevent retaliation at the workplace.

## FIFTH CLAIM FOR RELIEF

(Violation of Plaintiff's Rights under 42 U.S.C. Section 1983)

1. Plaintiff repeats and reallages each and every allegation contained in each previous paragraph as if set forth at length herein.

2. Defendants collective actions against Plaintiff are in violation of the First and Fourteenth Amendments to the United States Constitution and provisions of the New Jersey State Constitution.

3. These illegal actions are infringement upon the rights Plaintiff has and in derogation of Plaintiff's rights secured by the First and Fourteenth Amendments to the United

States Constitution and provisions of the New Jersey Constitution, in violation of 42 U.S.C. Section 1983.

4. 42 U.S.C. Section 1983 provides: Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suite in equity, or other proper proceeding for redress …".

5. Defendants were acting in their official capacity as public employees when they subjected Plaintiff to the deprivation of the following rights, privileges and immunities secured by the Constitution and the laws of the United States.

6. As a direct and proximate result of the aforementioned acts and omissions of Defendants set forth herein, Plaintiff sustained loss of ability to obtain an equal education and educational opportunity, mental injury, severe emotional distress, the loss of earning power, the loss of opportunities for prospective education and employment, humiliation, embarrassment, and damage to her reputation and is incurring legal expenses and other expenses.

7. The foregoing actions of Defendants were knowing, willful and deliberate violations of law and deprivations of Plaintiff's statutory and civil rights, and Plaintiff is entitled to punitive damages under applicable law.

## SIXTH CLAIM FOR RELIEF

(Violation of Plaintiff's Equal Protection Rights under the Fourteenth
Amendment to the United States Constitution, and Article I, Paragraph I of the
New Jersey State Constitution, in violation of 42 U.S.C. Section 1983)

1. Plaintiff reasserts and realleges each and every previous paragraph as if fully set forth reiterated herein.

2. Defendants collective actions as enumerated above, violated Plaintiff's equal protection rights under the Fourteenth Amendment to the United States Constitution, and Article I, Paragraph I of the New Jersey State Constitution of 1947, contrary to 42 U.S.C. Section 1983.

3. As a result, Plaintiff's statutory and constitutional rights have been violated and her protections under the law have been eviscerated.

4. As a direct and proximate result of the aforementioned acts and omissions of Defendants set forth herein, Plaintiff sustained loss of ability to obtain an equal education and educational opportunity, mental injury, severe emotional distress, the loss of earning power, the loss of opportunities for prospective education and employment, and is incurring legal expenses and other expenses.

5. The foregoing actions of Defendants were knowing, willful and deliberate violations of law and deprivations of Plaintiff's statutory and civil rights, and Plaintiff is entitled to punitive damages under applicable law.

### SEVENTH CLAIM FOR RELIEF

### ("INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS")

1. Plaintiff repeats and incorporates each and every allegation set forth above as if fully incorporated herein at length.

2. Defendants, through the course of conduct set forth above, intentionally or recklessly committed acts or omissions producing emotional distress for Plaintiff.

3. The conduct of Defendants as set forth at length above is extreme and outrageous in that it goes beyond all possible bounds of decency and is regarded as atrocious and utterly intolerable in a civilized society.

4. As a proximate result of said conduct, Plaintiff suffered emotional distress so severe that no reasonable person could be expected to endure same.

5. Defendants despite having actual or constructive notice of the discriminatory and retaliatory conduct was deliberately indifferent and committed same, proximately causing damages to Plaintiff.

6. On account of the conduct of Defendants Plaintiff has been injured.

WHEREFORE, Plaintiff demands judgment in her favor and against Defendants on this Count, together with compensatory and equitable relief, punitive damages, pre-and post-judgment interest, attorney's fees and costs of suit, and for such other relief that the Court deems equitable and just.

## EIGHTH CLAIM FOR RELIEF

### (Fictitious Defendants)

1. All of the allegations in each of the foregoing paragraphs are incorporated by reference as if fully set forth herein.

2. Defendants ABC Corporations (1-10); DEF Partnerships (1-10); GHI Limited Liability Companies (1-10) are currently unidentified entities who have acted in concert with Defendants, and/or currently identified entities responsible for the creation and/or implementation of anti-discriminatory and anti-retaliation policies of Defendants, and/or currently unidentified entities that have liability for the damages Plaintiff suffered under any theory advanced herein. When Plaintiff learns the true identity(ies) of said Defendants Plaintiff will amend this Complaint to reflect same.

3. Defendants John/Jane Does (1-10) are currently unidentified individuals who acted in concert with Defendants and/or currently unidentified individuals responsible for the creation and/or implementation of anti-discrimination and anti-retaliation policies of Defendants and are currently unidentified individuals who may have liability for the damages Plaintiff suffered under

any theory advanced herein. Said fictitious defendants are individuals and/or entities who violated the Plaintiff's state or federal law rights by engaging in the conduct, contributing to the conduct, or failing to take action to prevent or alter or top the conduct, or who failed to take the appropriate action to supervise and/or train or to make appropriate policies. When Plaintiff learns the true identity(ies) of said Defendant(s) plaintiff will amend this Complaint to reflect same.

4. As a direct and proximate cause of said acts of said fictitious defendants, Plaintiff suffered loss of employment, loss of income, employment benefits, and has suffered and continues to suffer mental and emotional distress, humiliation, embarrassment, and damage to her reputation in an amount to be determined by a jury.

5. Because of said Defendant(s)' willful and malicious conduct, Plaintiff seeks punitive damages from said Defendant(s) in an amount to de determined by a jury.

WHEREFORE, Plaintiff prays that this Court enter an Order finding as follows:

(a) Awarding Plaintiff damages, including, but not limited to, equitable, punitive and compensatory damages including all lost benefits, wages and rights, including but not limited to front and back pay, as well as all commensurate pension benefits, and other benefits with respect to Plaintiff's employment, and damages for emotional distress and pain and suffering, together with both prejudgment and post judgment interest, and attorney fees and costs of court for any discriminatory or retaliatory action against Plaintiff in violation of the ADA or NJLAD; and/or

(b) Awarding Plaintiff damages, including all lost benefits, wages and rights, including but not limited to front and back pay, as well as all commensurate pension benefits, and other benefits with respect to Plaintiff's employment, together with both prejudgment and post judgment interest, liquidated damages, and attorney's fees and costs of court with regard to any violation of the ADA or NJLAD.

## JURY TRIAL DEMANDED

Plaintiff requests a trial by jury on all issues so triable.

                                                SHEFFET & DVORIN, P.C.
                                                Attorneys for Plaintiff

                                                By: _____
                                                Ethan Jesse Sheffet, Esq.
                                                (ES 9934)

Dated: July 11, 2025

JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Pham, Tiffany

## DEFENDANTS
Beatriz Guerra, Middlesex College, Middlesex County, Middlesex County Board of Freeholders, ABC Corporations (1-10), DEF Partnerships (1-10), GHI Limited Liability Companies (1-10), John/Jane Does (1-10), Jonh Doe Individuals (1-100)

(b) County of Residence of First Listed Plaintiff: Middlesex
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Middlesex
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Ethan Jesse Sheffet, Esq., Sheffet & Dvorin, P.C., 88 Pompton Ave., Veron, NJ  908-403-8182

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | 625 Drug Related Seizure of Property 21 USC 881 | 422 Appeal 28 USC 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane / 365 Personal Injury - Product Liability | 690 Other | 423 Withdrawal 28 USC 157 | 376 Qui Tam (31 USC 3729(a)) |
| 130 Miller Act | 315 Airplane Product Liability / 367 Health Care/ Pharmaceutical Personal Injury Product Liability |  | INTELLECTUAL PROPERTY RIGHTS | 400 State Reapportionment |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander |  | 820 Copyrights | 410 Antitrust |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability / 368 Asbestos Personal Injury Product Liability |  | 830 Patent | 430 Banks and Banking |
| 151 Medicare Act | 340 Marine |  | 835 Patent - Abbreviated New Drug Application | 450 Commerce |
| 152 Recovery of Defaulted Student Loans (Excludes Veterans) | 345 Marine Product Liability |  | 840 Trademark | 460 Deportation |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle / PERSONAL PROPERTY / 370 Other Fraud | LABOR | 880 Defend Trade Secrets Act of 2016 | 470 Racketeer Influenced and Corrupt Organizations |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability / 371 Truth in Lending | 710 Fair Labor Standards Act |  | 480 Consumer Credit (15 USC 1681 or 1692) |
| 190 Other Contract | 360 Other Personal Injury / 380 Other Personal Property Damage | 720 Labor/Management Relations | SOCIAL SECURITY | 485 Telephone Consumer Protection Act |
| 195 Contract Product Liability | 362 Personal Injury - Medical Malpractice / 385 Property Damage Product Liability | 740 Railway Labor Act | 861 HIA (1395ff) | 490 Cable/Sat TV |
| 196 Franchise |  | 751 Family and Medical Leave Act | 862 Black Lung (923) | 850 Securities/Commodities/ Exchange |
|  |  | 790 Other Labor Litigation | 863 DIWC/DIWW (405(g)) | 890 Other Statutory Actions |
| REAL PROPERTY | CIVIL RIGHTS / PRISONER PETITIONS | 791 Employee Retirement Income Security Act | 864 SSID Title XVI | 891 Agricultural Acts |
| 210 Land Condemnation | 440 Other Civil Rights / Habeas Corpus: |  | 865 RSI (405(g)) | 893 Environmental Matters |
| 220 Foreclosure | 441 Voting / 463 Alien Detainee |  | FEDERAL TAX SUITS | 895 Freedom of Information Act |
| 230 Rent Lease & Ejectment | 442 Employment / 510 Motions to Vacate Sentence |  | 870 Taxes (U.S. Plaintiff or Defendant) | 896 Arbitration |
| 240 Torts to Land | 443 Housing/ Accommodations / 530 General |  | 871 IRS—Third Party 26 USC 7609 | 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| 245 Tort Product Liability | 445 Amer. w/Disabilities - Employment / 535 Death Penalty | IMMIGRATION |  |  |
| 290 All Other Real Property |  | 462 Naturalization Application |  | 950 Constitutionality of State Statutes |
|  | Other: | 465 Other Immigration Actions |  |  |
|  | [x] 446 Amer. w/Disabilities - Other / 540 Mandamus & Other |  |  |  |
|  | 448 Education / 550 Civil Rights |  |  |  |
|  | 555 Prison Condition |  |  |  |
|  | 560 Civil Detainee - Conditions of Confinement |  |  |  |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Section 12101

Brief description of cause:
Descrimination in violation of Americans with Disabilities Act

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ 

CHECK YES only if demanded in complaint:
JURY DEMAND: [x] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____  DOCKET NUMBER _____

DATE: 7/11/2025

SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

FOR OFFICE USE ONLY

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____